**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-49

UNITED STATES TAX COURT

RONALD EUGENE THOMPSON, SR., AND GENINE Z. THOMPSON,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8893-12S.                               Filed June 18, 2013.

Ronald Eugene Thompson, Sr., and Genine Z. Thompson, pro sese.

Susan K. Bollman, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Section references are to the Internal Revenue Code (Code), as amended,

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,172 in petitioners' Federal income tax for 2009. Petitioners filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioners resided in Illinois.

After concessions,[2] the issues remaining in dispute are whether petitioners are entitled to deductions for charitable contributions, unreimbursed employee business expenses, and business use of their home. To the extent not discussed herein, other issues are computational and flow from our decision in this case.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

---

[1](...continued)
and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]The parties stipulated that petitioners substantiated medical and dental expenses of $1,033. Because that amount is less than 7.5% of petitioners' adjusted gross income of $106,474 for 2009, it follows that petitioners may not claim a deduction on Schedule A, Itemized Deductions, for these expenses. See sec. 213(a). Petitioners concede that they are not entitled to a deduction of $606 for an item identified only as "comp" on line 21 of Schedule A.

During 2009 Mr. Thompson was employed by Casino One Corp. and by the Village of Alorton as a "code enforcement" officer. Mrs. Thompson was employed as a civil servant in the Federal court system.

## I. Petitioners' 2009 Tax Return

### A. Income

Petitioners timely filed a joint Federal income tax return for 2009, reporting total wages of $77,491,[3] a distribution from a retirement account of $31,892, interest income of $36, and other income of $625.

### B. Itemized Deductions

Petitioners claimed itemized deductions on Schedule A totaling $34,402, including $12,075 for charitable contributions and $9,475 for unreimbursed employee business expenses.

#### 1. Charitable Contributions

After petitioners' 2009 return was selected for examination, Mr. Thompson forwarded to the Internal Revenue Service (IRS) two letters from Friendship Missionary Baptist Church (Friendship Church) in an effort to substantiate the deduction they claimed for charitable contributions. Although the letters were

---

[3]Casino One Corp. and the Village of Alorton paid Mr. Thompson wages of $20,107 and $5,899, respectively, and Mrs. Thompson received wages of $51,484 from the Federal Government.

titled "2009 church contribution statement", they stated that Mr. and Mrs. Thompson contributed $5,935 and $6,140, respectively, to Friendship Church during 2008.

Petitioners testified at trial that they were members of the Centerville Church of Christ (Centerville Church) during 2009, and they never attended or made contributions to Friendship Church. Mr. Thompson explained that his tax return preparer mistakenly placed the Friendship Church letters in petitioners' tax file and "sent the wrong forms" to him to submit to the IRS.

Petitioners subsequently provided the IRS with two letters from Centerville Church, dated September 27, 2012. The letters state that Mr. and Mrs. Thompson contributed $6,140 and $5,936, respectively, to Centerville Church during 2009. Petitioners testified that they made weekly contributions to Centerville Church by cash and/or check. The letters from Centerville Church did not include a schedule listing the dates or amounts of petitioners' weekly contributions.

## 2. Unreimbursed Employee Business Expenses

Petitioners claimed a deduction for unreimbursed employee business expenses related to Mr. Thompson's employment with the Village of Alorton, including vehicle expenses, the cost of a new computer, and uniform expenses.

### a. Vehicle Expenses

It was the Village of Alorton's policy not to reimburse employees for transportation or vehicle expenses. On Form 2106-EZ, Unreimbursed Employee Business Expenses, Mr. Thompson reported that he drove 13,520 miles in the course of conducting inspections for the Village of Alorton during 2009. Applying the standard mileage rate of 55 cents per mile, he reported total transportation expenses of $7,436.[4]

### b. Computer Expense and Business Use of Home[5]

The Village of Alorton did not provide Mr. Thompson with an office or a computer. Mr. Thompson testified that, after conducting inspections, he used a personal computer in his home to prepare written reports to submit to the Village of Alorton. Petitioners purchased a new computer in 2009 and claimed a deduction of $1,010 for the full purchase price. Mr. Thompson testified that both

---

[4]The Commissioner generally updates the optional standard mileage rates annually. See sec. 1.274-5(j)(2), Income Tax Regs. The standard mileage rate of 55 cents per mile for 2009 is set forth in Rev. Proc. 2008-72, sec. 2.01, 2008-50 I.R.B. 1286.

[5]Petitioners first claimed that they were entitled to a deduction for the business use of their home shortly before trial. Respondent did not object to petitioners' testimony related to that issue at trial, and we therefore deem the matter to have been tried by consent pursuant to Rule 41(b).

the computer and the room in his home where he prepared reports were used for both business and personal purposes.

### c. Uniform Expense

Petitioners claimed a deduction of $423 for uniforms. The Village of Alorton required Mr. Thompson to wear a dress shirt and tie when performing inspections. The shirts and ties that Mr. Thompson purchased for work did not include a company logo, nor were they limited to a particular style or color.

## II. Notice of Deficiency

Respondent disallowed the deductions for charitable contributions and unreimbursed employee business expenses described above and determined petitioners' tax liability for 2009 by allowing a standard deduction of $11,400 using married filing jointly status and an additional deduction of $3,595 for qualified motor vehicle tax.[6]

---

[6]The American Recovery and Reinvestment Act of 2009 (ARRA), Pub. L. No. 111-5, sec. 1008(a) and (b), 123 Stat. at 317-318, amended sec. 164(a) and (b) to include qualified motor vehicle taxes (a term defined in sec. 164(b)(6)) among the various taxes allowed as a deduction. The provisions are effective for qualifying vehicles purchased on or after February 17, 2009, and before January 1, 2010. Sec. 164(b)(6)(G); ARRA sec. 1008(a) and (b).

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

As discussed in detail below, petitioners did not comply with the Code's substantiation requirements and have not maintained all required records. Therefore, the burden of proof as to any relevant factual issue does not shift to respondent under section 7491(a). See sec. 7491(a)(1) and (2); Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001).

Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the

deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

## I. Charitable Contributions

Section 170(a)(1) provides the general rule that a taxpayer is allowed as a deduction any charitable contribution made within the taxable year and verified under regulations prescribed by the Secretary. Sec. 1.170A-13(a)(1), Income Tax Regs. Section 170(f)(17) provides that no deduction shall be allowed for any contribution in the form of cash, a check, or other monetary gift unless the donor maintains as a record of such contribution a bank record or a written communication from the donee showing the name of the donee organization, the date of the contribution, and the amount of the contribution. See sec. 1.170A-13(a)(1), Income Tax Regs. The taxpayer has the burden of demonstrating that records relating to charitable contributions are reliable. Sec. 1.170A-13(a)(2)(i), Income Tax Regs.

Petitioners claimed a deduction of $12,075 for charitable contributions which they purportedly made to Centerville Church through weekly contributions during 2009. However, petitioners were unable to produce bank records (such as canceled checks) or documentation from Centerville Church showing the specific

dates and amounts of individual contributions. Taking into account all the facts and circumstances, we do not find the two letters from Centerville Church to be reliable. The Centerville Church letters are dated September 27, 2012, more than two years after petitioners filed their 2009 tax return, they first surfaced after petitioners' tax return preparer provided petitioners with the admittedly erroneous letters from Friendship Church, and they do not include any detail that would substantiate petitioners' claim that they made weekly contributions to the church. Without more, we hold that petitioners have failed to substantiate the disputed charitable contributions and respondent's determination disallowing the deduction is sustained.

## II. Unreimbursed Employee Business Expenses

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943). The term "trade or business" includes performing services as an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). A deduction normally is not available, however, for personal, living, or family expenses. Sec. 262(a).

Section 274(d) prescribes more stringent substantiation requirements before a taxpayer may deduct certain categories of expenses, including expenses related to the use of listed property as defined in section 280F(d)(4). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969). As relevant here, the term "listed property" includes, inter alia, passenger automobiles and computers and peripheral equipment. Sec. 280F(d)(4)(A)(i), (iv). To satisfy the requirements of section 274(d), a taxpayer generally must maintain records and documentary evidence which, in combination, are sufficient to establish the amount, date, and business purpose for an expenditure or business use of listed property. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

### A.  Vehicle Expenses

Mr. Thompson reported that he drove 13,520 miles for business purposes during 2009. However, he failed to keep a contemporaneous mileage log, record the dates, times, destinations, and business purposes for individual trips, or provide any other substantiation in support of the deduction claimed for vehicle expenses. On the record presented, petitioners failed to meet the strict substantiation requirements of section 274(d). See sec. 1.274-5(j)(2), Income Tax Regs. (providing that the strict substantiation requirements of section 274(d) for

vehicle expenses must be met even where the standard mileage rate is used).

Consequently, respondent's determination disallowing the deduction for vehicle expenses petitioners reported on Schedule A is sustained.

B.  Computer Expense and Business Use of Home

Petitioners assert that they are entitled to a deduction for the business use of their home and the cost of a computer used in connection with Mr. Thompson's work for the Village of Alorton.

A taxpayer generally is not entitled to deduct any expenses related to a dwelling unit used as a residence during the taxable year.  Sec. 280A(a).  Expenses attributable to a home office are excepted from this general rule, however, if the expenses are allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for the taxpayer's trade or business.  Sec. 280A(c)(1); Lofstrom v. Commissioner, 125 T.C. 271, 277-278 (2005).  If the taxpayer is an employee, the exception under section 280A(c)(1) will apply only if the exclusive use of the office space is for the convenience of the taxpayer's employer.  Sec. 280A(c)(1); Hamacher v. Commissioner, 94 T.C. 348, 353-354 (1990).

Mr. Thompson testified that he used a room in his home to prepare reports in connection with his work for the Village of Alorton.  He also testified, however,

that he used the room for personal purposes as well.  Because petitioners did not use the room exclusively for a business purpose, it follows that they are not entitled to a deduction for business use of their home.

Personal computers fall within the definition of listed property and are subject to the strict substantiation requirements of section 274(d).  Sec. 280F(d)(4)(A)(iv).  Mr. Thompson testified that he used a newly purchased computer to prepare reports for the Village of Alorton and for personal purposes.  He did not maintain a log or other record, however, detailing the amount of time he used the computer for business as opposed to personal purposes.  In short, the evidence petitioners introduced on this issue does not satisfy the strict substantiation requirements of section 274(d).  See Riley v. Commissioner, T.C. Memo. 2007-153.  As a result, respondent's determination disallowing the deduction petitioners claimed for the cost of the computer is sustained.

C.  Uniforms

Petitioners claimed a deduction of $423 for clothing that Mr. Thompson wore to work.  The cost of clothes that are "required or essential in an employment and which are not suitable for general or personal wear and are not so worn" is a deductible expense.  Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); see

Wasik v. Commissioner, T.C. Memo. 2007-148; Beckey v. Commissioner, T.C. Memo. 1994-514.

Mr. Thompson was required to wear a shirt and tie while conducting inspections for the Village of Alorton. He was not required to wear a uniform to work, and the clothes that he wore were adaptable to general use. Therefore, we sustain respondent's determination disallowing the deduction petitioners claimed for uniform expenses.

In sum, petitioners failed to substantiate the deductions they claimed for charitable contributions, unreimbursed employee business expenses, and business use of their home.

To reflect the foregoing,

Decision will be entered

under Rule 155.
